[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-12706
Non-Argument Calendar
_____

Agency No. A087-355-649

ANDRIAN ANTON MARIN,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 1, 2013)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Andrian Marin, a citizen of Moldova, seeks review of the Board of

Immigration Appeals' order affirming the Immigration Judge's denial of his

application for asylum.[1] Mr. Marin initially sought relief in 2008 based on his contention that he was persecuted because of an imputed political opinion and an imputed ethnic status.

Mr. Marin was born in Moldova, but lived in Transnistria, a separatist region of Moldova, for several years. During the removal proceedings, Mr. Marin testified that he was ridiculed in Transnistria because he was from Moldova, and that in Moldova, he was ridiculed because he had developed a Russian accent, which led Moldovans to perceive him as a Transnistrian. He presented evidence of the hostilities between Moldovans and Transnistrians and described how he was frequently mocked and harassed because of his accent and ethnicity. Although the IJ found Mr. Marin to be a credible witness, he ultimately denied relief after concluding that the incidents described by Mr. Marin did not constitute past persecution. The IJ also concluded that Mr. Marin failed to show a well-founded fear of future persecution. The BIA dismissed Mr. Marin's appeal after independently determining that he had not suffered past persecution and adopting the IJ's conclusions regarding future persecution.

On appeal, Mr. Marin contends that the BIA erred in failing to adequately consider the aggregate effects of a "lifetime of marginalization, harassment, and

---

[1] The Immigration Judge also denied Mr. Marin's request for withholding of removal and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. *See* 8 C.F.R. §§ 1208.16–1208.18. Mr. Marin does not challenge the denial of CAT relief on appeal.

discrimination." He also asserts that he established a well-founded fear of future persecution based on the violence that still exists in the region and the tension between Moldovans and Transnistrians.[2] After review, we disagree and deny the petition.

We review the BIA's decision, and we must also examine the IJ's decision to the extent that it was expressly adopted by the BIA. *See Mohammed v. U.S. Att'y Gen.*, 547 F.3d 1340, 1344 (11th Cir. 2008). Findings of fact will not be disturbed if there is substantial evidence to support them, *see id.*, and we give considerable deference to such findings, viewing the evidence in the light most favorable to the agency's decision. *See Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*).

The Attorney General or Secretary of Homeland Security may grant asylum to an applicant who qualifies as a refugee. *See* 8 U.S.C. § 1158(b)(1)(A). A "refugee" is defined as:

> [A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race,

___

[2] To the extent that Mr. Marin seeks review of the IJ's denial of withholding of removal, we do not have jurisdiction over that claim because he did not raise it in his notice of appeal to the BIA, *see* Notice of Appeal from a Decision of an Immigration Judge, ¶ 6 [A.R. at 63–64] (assigning error to the IJ's finding on past and future persecution), and his brief before the BIA offered no substantive argument on the issue. *See Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1367 (11th Cir. 2011).

3

religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). To prove past persecution, an asylum applicant must show that he was persecuted on account of a protected ground. *See Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006). Persecution has been defined as "an extreme concept that does not include every sort of treatment our society regards as offensive [and] requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." *Gonzalez v. Reno*, 212 F.3d 1338, 1355 (11th Cir. 2000) (internal quotation marks omitted).  Minor physical abuse, for example, does not amount to persecution. *See Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1353 (11th Cir. 2009).

We find no error in the BIA's conclusion that Mr. Marin suffered nothing more than discrimination and harassment which—though regrettable—do not amount to past persecution. The record indicates that Mr. Marin was kicked and thrown in a canal by his fellow students, but these isolated incidents of minor physical abuse do not rise to the level of persecution. Even in the aggregate, the incidents described by Mr. Marin do not compel the conclusion that he suffered past persecution. *See Silva*, 448 F.3d at 1239 ("[O]nly in a rare case does the record compel the conclusion that an applicant for asylum suffered past persecution or has a well-founded fear of future persecution.").

4

Similarly, Mr. Marin failed to show a well-founded fear of future persecution. Generalized conditions in a country are insufficient to establish persecution. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 n.7 (11th Cir. 2005). Although the record indicates general civil unrest in the region, Mr. Marin has not shown specific facts indicating that he will be persecuted in Moldova because of his Russian accent or any perceived affiliation with Transnistria. Accordingly, we deny Mr. Marin's petition for review.

**PETITION DENIED.**